http://www.va.gov/vetapp16/Files3/1626427.txt

Citation Nr: 1626427 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 09-09 033 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Wichita, Kansas

THE ISSUE

Entitlement to service connection for gastroesophageal reflux disease (GERD), to include as secondary to service-connected post-traumatic stress disorder (PTSD) and/or as secondary to medications used as treatment for service-connected disabilities. 

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

N. Nelson, Associate Counsel

INTRODUCTION

The Veteran served on active duty from September 1967 to September 1969, including service in Vietnam.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Wichita, Kansas, which denied service connection for the claimed disability. 

In February 2009, the Veteran notified the Board that he did not want a Board hearing.

The Board remanded the case for further development in November 2012, January 2015, and January 2016. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

Unfortunately, another remand is required in this case. Although the Board sincerely regrets the additional delay, the claim must be remanded again to the AOJ due to noncompliance with remand directives articulated by the Board in the January 2016 remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (holding that where the remand of the Board or the Court is not complied with, the Board errs as a matter of law when it fails to ensure compliance). 

The Board remanded the case in January 2016 to, in relevant part, to address the Veteran's contention that his GERD is associated with medications taken to treat his right knee disability. The AOJ was instructed to obtain a VA medical opinion addendum to determine whether the Veteran's GERD was either caused by or permanently aggravated by the medication taken for the service-connected right knee disability. 

The Board expressly noted that a prior April 2015 VA medical opinion did not properly characterize the Veteran's medication regimen, pointing to a September 2006 private treatment report indicating that the Veteran had been taking Celebrex for nine years and a 2008 private treatment record noting past use of Celebrex, which were not discussed in the opinion. See also a March 2008 private treatment record noting Celebrex for hand pain, and a July 2008 private treatment record noting past use of Tylenol and Ultram. 

When VA undertakes to obtain a medical opinion, it must ensure that the opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). The Board finds the April 2015 and February 2016 VA opinions regarding the Veteran's GERD and its relationship to medication taken for a right knee disability to be inadequate for adjudication purposes, as the prior use of Celebrex was not mentioned or discussed in the opinions. As such, another addendum medical opinion is needed.

Accordingly, the case is REMANDED for the following action:

1. Contact the VA examiner who provided the April 2015 and February 2016 VA opinions (or if he or she is no longer available, a suitable replacement) and ask the examiner to review the record and prepare an addendum to the medical opinion. 

The examiner should opine on whether it is at least as likely as not (50 percent or greater probability) that the Veteran's GERD was (a) caused by, or (b) aggravated beyond the normal progression (chronically worsened) by his history of medication used to treat the service-connected right knee disability.

The examiner should specifically discuss the September 2006 private treatment report indicating that the Veteran had been taking Celebrex for nine years, and the 2008 private treatment record noting past use of Celebrex.

If the examiner finds that the Veteran's history of medication usage for the right knee aggravated the GERD, the examiner should specify, so far as possible, the degree of disability resulting from such aggravation. 

The examiner should clearly outline the rationale for any opinion expressed. If the examiner determines that further examination is necessary in order to render the requested medical opinion, the RO/AMC should schedule the Veteran for such an examination. If any requested medical opinion cannot be given, the examiner should state the reason(s) why.

 2. After completing all indicated development, and any additional development deemed necessary, readjudicate the claim on appeal. If any benefit sought on appeal remains denied, then a fully responsive supplemental statement of the case should be furnished to the Veteran and his representative, if any, and they should be afforded a reasonable opportunity for response.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).